Joseph J asp an, J.
The defendant, relying on Mullaney v Wilbur (421 US 684), moves, before sentence, to set aside his conviction for criminal sale of a controlled substance in the first degree, a class A-l felony, and criminal sale of a controlled substance in the third degree, a class A-3 felony.
During the course of the trial, the defendant attempted to prove that he was entrapped by the police and its agent. In accordance with subdivision 2 of section 25.00 and section 40.05 of the Penal Law, the court charged that the defendant had the burden of establishing this defense by a preponderance of the evidence.
These sections read as follows:
"§ 40.05 Entrapment. In any prosecution for an offense, it is an affirmative defense that the defendant engaged in the proscribed conduct because he was induced or encouraged to do so by a public servant, or by a person acting in cooperation with a public servant, seeking to obtain evidence against him for purpose of criminal prosecution, and when the methods used to obtain such evidence were such as to create a substantial risk that the offense would be committed by a person not otherwise disposed to commit it. Inducement or encouragement to commit an offense means active inducement or encouragement. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.”
"§ 25.00 Defenses; burden of proof. * * * 2. When a defense declared by statute to be an 'affirmative defense’ is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence.”
The defendant now urges that the subsequent (June 9, 1975) decision in Mullaney (supra) mandates that the burden of persuasion of the defense of entrapment rests with the People, absent some showing of a compelling State interest for a contrary view.
The District Attorney argues that Mullaney is not retroactive and that in any event entrapment is an excuse or explanation and therefore does not per se negative any material element of the crimes charged.
The Attorney-General was given due notice of this motion *203 in accordance with CPLR 1012 (subd [b]) and section 71 of the Executive Law, but has not intervened.
RETROACTIVITY
A decision of the Supreme Court is given retroactive effect in criminal cases when it profoundly and directly affects the fact-finding process itself (People v Morales, 37 NY2d 262), or as stated in Stovall v Denno (388 US 293, 298), when it affects the "truth-determining process.”
In People v Simone (48 AD2d 497, 499), the Appellate Division, First Department, recently wrote (July 10, 1975): "[E]rrors impinging upon the basic question of whether the defendant is actually guilty are eminently susceptible of correction retroactively.”
If the defendant’s guilt depends on a resolution of the question as to whether or not he was entrapped, the issue of the burden of persuasion is central and critical to the truth-determining process. To swing the pendulum of burden of proof from the defendant to the People is to profoundly and directly affect the deliberations of the jury on that issue.
For that reason, Mullaney (supra) must be examined to determine whether substantive rights of the defendant in this case have been violated and that search should not be aborted by a finding that Mullaney is not retroactive.
THE NATURE OF THE DEFENSE OF ENTRAPMENT
In oft-cited Sorrells v United States (287 US 435, 442), entrapment was defined as follows: "[W]hen the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute.”
The rationale for permitting this defense is quoted in Sorrells (p 444) from Butts v United States (273 F 35, 38): " ’The first duties of the officers of the law are to prevent, not to punish crime. It is not their duty to incite to and create crime for the sole purpose of prosecuting and punishing it.’ ”
The public policy so enunciated is now ingrained in the case law and statutory law of most jurisdictions in this country. It serves to excuse the commission of crimes otherwise proscribed and punished, and has been identified as a defense in the nature of "confession and avoidance” (People v Laietta, 30 *204 NY2d 68, 75) or "excuse or explanation” (Morrison v California, 291 US 82, 89).
This underlying public policy has yielded judicial determinations that entrapment can be established as a matter of law (Sherman v United States, 356 US 369; United States v Bueno, 447 F2d 903).
The defense of entrapment does not negative any essential element of the substantive crime. Any suggestion that "mens rea” or "intent” may be the antithetical element which is necessarily destroyed by the successful use of this defense is discouraged by existing case law.
In Laietta (supra, p 75) our Court of Appeals specifically held that:
"[Ejntrapment is not a defense which negatives an essential element of the crime, but rather constitutes a defense in the nature of confession and avoidance.”
In United States v Demma (18 Cr L 2070, 523 F2d 981), each defendant contended that he was not guilty because he did not entertain the necessary intent to commit the crime. They each claimed they were entrapped without conceding the commission of the substantive crime. The court, in overruling its prior decision in Eastman v United States (212 F2d 320), termed the defenses as to intent and entrapment as inconsistent defenses, holding, in substance and effect, that entrapment does not negative any element of the crime including the element of intent.
But in the defense of entrapment may lie a defendant’s only opportunity for acquittal and to him the burden of persuasion becomes significant if not critical.
BURDEN OF PERSUASION
In People v Laietta (30 NY2d 68, supra) our Court of Appeals held that the statutes imposing upon the defendant the burden of proof by a preponderance of evidence were constitutional even though it meant the defendant had the burden of persuasion.
The defendant points, however, to a statement in Laietta which says (p 74): "But the Supreme Court has not articulated its views regarding the burden of persuasion” and argues that Mullaney v Wilbur (421 US 684, supra) is now that voice and it must be applied in this case.
In Mullaney, the Supreme Court struck down a Maine *205 statute which provided that (p 689) "if the prosecution proves a felonious homicide the burden shifts to the defendant to prove that he acted in the heat of passion on sudden provocation in order to receive the lesser penalty prescribed for manslaughter.” Extending the doctrine of Matter of Winship (397 US 358), it held that societal interests in the reliability of jury verdicts require proof by the prosecution beyond a reasonable doubt and (p 702) "proving that the defendant did not act in the heat of passion on sudden provocation is similar to proving any other element of intent”.
In Winship (supra, p 364), the court summarized its holding as follows:
"Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” (Emphasis added.)
It must be noted that the Winship rule applied to (p 363) "every fact necessary to constitute the crime” and the holding in Mullaney equates the issue of heat of passion with proof of the element of "intent.”
While Mullaney and Winship stress their concern with substance rather than form, they stop short of extending the doctrine to an affirmative defense which does not negative an element of the crime. It is also significant that Winship (1970) predated Laietta (1972), and yet the Supreme Court denied certiorari in the latter case (407 US 923).
It is true, as argued by the defense, that the impact upon the defendant is severe, and the consequences of an adverse ruling in this case are as fundamentally important to him as if the issue concerned itself with a fact critical to the case in chief.
It is also true that no compelling State interest has been shown for placing the burden of proof on the defendant.
But trial courts are bound to follow appellate precedents, and I am therefore constrained to find that Laietta is still the law of this State and has not been affected by the ruling in Mullaney v Wilbur.
The motion to vacate the judgments of conviction is denied.