■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County, rendered January 31, 1974, convicting defendant, after a jury trial, of robbery in the first degree, kidnapping in the second degree, grand larceny in the second degree and possession of a weapon and sentencing him to concurrent indeterminate terms of up to 12 years (on the robbery and kidnapping counts), unanimously modified, on the law, to the extent of reversing the conviction for possession of a weapon, vacating the concurrent seven-year sentence imposed thereon and dismissing that count of the indictment. Except as so modified, said judgment is affirmed. Defendant was charged with and convicted of possession of a weapon as a misdemeanor. The trial court erroneously imposed a felony sentence. However, our review of the record discloses that, under the facts of this case, defendant could not have committed robbery in the first degree without also possessing the weapon. Accordingly, the possession charge should have been dismissed as an inclusory concurrent count. *(People v Pyles,* 44 AD2d 784.) There is no merit in appellant's contention that subdivision 4 of section 160.15 of the Penal Law is unconstitutional in light of *Mullaney v Wilbur* (421 US 684). (See *People v Felder,* 32 NY2d 747, affg 39 AD2d 373, app dsmd 414 US 948; *People v McDonald,* 50 AD2d 907.) Equally unavailing is the claim that the four-hour detention of the complainant was merely incidental to the commission of the robbery and grand larceny offenses. *People v Levy* (15 NY2d 159) and *People v Lombardi* (20 NY2d 266), relied on by appellant, were both decided under subdivision 1 of section 1250 of the former Penal Law, which has now been replaced by a new statutory scheme. (Penal Law, art 135.) Accordingly, it would appear that the *Levy-Lombardi* rule now has only limited vitality and is inapplicable under the circumstances here presented. Concur—Murphy, J. P., Birns, Capozzoli, Lane and Nunez, JJ.