Respondent censured.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CWIKLA, Appellant.

First Department, October 14, 1976

*Marjorie M. Smith* of counsel *(William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*David Griffiths* of counsel *(Mario Merola, District Attorney),* for respondent.

LUPIANO, J. The District Attorney concedes that under the circumstances of this case, the count of grand larceny in the second degree was a lesser included concurrent count to robbery in the first degree. Defendant's contention that subdivision 4 of section 160.15 of the Penal Law violates due process in that it places upon him the burden (affirmative defense) of proving that the weapon used in the robbery was not loaded or was inoperable to reduce the charge from robbery in the first degree to the second degree (Penal Law, § 160.10), is without merit. Heretofore the statute (Penal Law, § 160.15, subd 4) has withstood an attack on its constitutionality *(People v Felder,* 39 AD2d 373, affd on opn of Appellate Division 32 NY2d 747, appeal dsmd for want of a substantial

Federal question 414 US 948). In the Appellate Division opinion authored by Justice SHAPIRO, it was observed (pp 375-379) that "the Legislature, had it desired to do so, could, in the first instance, have made the display of what *appeared* to be a firearm during the course of a forcible stealing of property robbery in the first degree. The condition of the firearm is information uniquely within the knowledge of the defendant and 'will rarely, if ever, be established by the prosecution when the actor does not fire the weapon or the weapon is not immediately recovered' (Denzer and McQuillan, Supplementary Practice Commentary on section 160.15 of the Penal Law [McKinney's Cons. Laws of N.Y., Book 39, Pocket Part]). Understandably, therefore, the State has cast the burden of establishing the nonoperability of the weapon upon the defendant. In so doing, the Legislature has, in effect, created a presumption that the firearm displayed during the course of a forcible theft of property was loaded, operable and capable of causing serious physical injury. * * * Placing the burden of proof on a defendant as to a fact peculiarly within his knowledge does not deny him the benefit of the presumption of innocence. * * * As noted, the Legislature could have made the use of what appeared to be a firearm during the course of the forcible stealing of property the crime of robbery in the first degree. Instead * * * it offered 'the defendant an opportunity to fight his way out of a first degree conviction if he can prove that the gun was unloaded or incapable of being fired,' although, as they noted, 'even if the defendant successfully does so, he may still be convicted of the second degree crime. * * * The People must still establish every element of the substantive crime. The defendant is offered the opportunity to assert an affirmative defense, but is not forced to do so". It is also noted that "[v]otes [of Supreme Court Justices] * * * to dismiss for want of a substantial federal question * * * are votes on the merits of a case" *(Ohio ex rel. Eaton v Price,* 360 US 246, 247).

*Mullaney v Wilbur* (421 US 684), cited by defendant, does not impel a conclusion that subdivision 4 of section 160.15 of the Penal Law is unconstitutional. In that case, a Maine statute distinguished murder from manslaughter by the presence or absence of "malice aforethought." In the case of unlawful homicide, malice "was to be conclusively implied unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden

provocation" (421 US, at p 686). The Supreme Court in striking down the Maine statute observed that "[t]he result, in a case such as this one where the defendant is required to prove *the critical fact in dispute,* is to increase further the likelihood of an erroneous murder conviction" (421 US, at p 701; emphasis supplied). However, recently the New York Court of Appeals has upheld the constitutionality of sections 125.20 and 125.25 of the Penal Law to the extent that they require a defendant charged with murder to bear the burden of proving the affirmative defense that he acted under the influence of extreme emotional disturbance *(People v Patterson,* 39 NY2d 288). Reflecting upon *Mulllaney,* the Court of Appeals noted that "New York, since its first statutory enactment in 1829, has always defined murder and manslaughter as separate and distinct offenses with punishments varying to fit the degree of the crime. Maine, on the other hand, has remained truer to the common law by defining but one generic category of felonious homicide, holding out a possibility of mitigation only in the form of punishment. * * * In New York, the prosecution, in order to obtain a conviction for murder, must prove beyond a reasonable doubt that the defendant, with intent to cause the death of another person, did cause the death of such person or of a third person. (Penal Law, § 125.25, subd. 1.)" (39 NY2d 288, 299 and 301-302.) Recognizing that New York requires the prosecution to prove intent, it was observed that Maine makes intent relevant only to punishment and requires the defendant to negate the presumption thereof, a most significant difference.

Regarding the issue of the constitutionality of the statute under attack herein, the observation by Chief Judge BREITEL in his concurring opinion in *Patterson* is clearly relevant: "In the absence of affirmative defenses the impulse to legislators, especially in periods of concern about the rise of crime, would be to define particular crimes in unqualifiedly general terms, and leave only to sentence the adjustment between offenses of lesser and greater degree. In times when there is also a retrogressive impulse in legislation to restrain courts by mandatory sentences, the evil would be compounded. The affirmative defense, intelligently used, permits the gradation of offenses at the earlier stages of prosecution and certainly at the trial, and thus offers the opportunity to a defendant to allege or prove, if he can, the distinction between the offense charged and the mitigating circumstances which should ameliorate the

degree or kind of offense. * * * The placing of the burden of proof on the defense, with a lower threshold, however [to wit, the burden of proof but no greater than by a preponderance of the evidence], is fair because of defendant's knowledge or access to the evidence other than his own on the issue" (39 NY2d, at p 305).

With respect to the refusal to direct separate trials of defendant on each of the two robberies charged, CPL 200.20 (subd 2, par [c]) permits joinder of similar crimes. On this record no prejudice accrued to the defendant from such joinder so as to deprive him of a fair trial. The remaining contentions advanced by defendant have been examined and found to be without merit.

Accordingly, the judgment of the Supreme Court, Bronx County (BLOOM, J.), rendered June 27, 1973, convicting defendant, after a jury trial, of robbery in the first degree and grand larceny in the second degree, should be modified, on the law, to the extent of reversing the conviction on the grand larceny, second degree count, vacating the sentence imposed thereon and dismissing that count of the indictment and, as so modified, the judgment should be affirmed.

KUPFERMAN, J. P., CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on June 27, 1973, unanimously modified, on the law, to the extent of reversing the conviction on the grand larceny, second degree count, vacating the sentence imposed thereon and dismissing that count of the indictment and, as so modified, the judgment is affirmed.