■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE R. KAPP, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered October 25, 1975, convicting defendant on his plea of guilty of the crime of robbery in the first degree. The defendant was indicted for the crime of robbery in the first degree in violation of subdivision 4 of section 160.15 of the Penal Law in that he: "on or about the 23rd day of November, 1974 forcibly stole property from the Southport Liquor Store and in the course of the commission of said crime did display what appeared to be a pistol or revolver." On September 24, 1975 the defendant entered a plea of guilty based upon plea bargaining which limited his sentence to one not exceeding 10 years and provided for it to run concurrently with another sentence presently being served in Florida. The court on October 25, 1975 imposed a sentence in accordance with the bargain. Upon appeal the defendant contends that the conviction should be vacated and the indictment dismissed because the said subdivision 4 of section 160.15 of the Penal Law is unconstitutional as it requires the defendant to prove that the gun is inoperable in order to negate the crime. The defendant did not raise this issue before the trial court and, indeed, the record establishes a knowing and voluntary plea of guilty. However, the People have not raised any issue of waiver and it is quite apparent that the issue is of great importance and is a due process objection based upon the burden of proof. (See *Mullaney v Wilbur,* 421 US 684; *People v Patterson,* 39 NY2d 288, US Sup Ct app pending 45 US Law Week 3001; *People v White,* 86 Misc 2d 803; *People v Smith,* 85 Misc 2d 1.) Accordingly, we will reach the merits. The First Department in the recent case of *People v Cwikla* (54 AD2d 80) has held that the case of *Mullaney v Wilbur (supra)* does not require a holding that our statute is unconstitutional. In the recent case of

*People v Patterson (supra)* relied upon in the Cwikla case, the discussion of the use of affirmative defenses and their general constitutionality is of such a nature as to effectively preclude any result in the intermediate court except affirmance (cf. *People v Donovan,* 53 AD2d 27, 30). The defendant's contention that his sentence was harsh and excessive is without any merit. Judgment affirmed. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.