### (June 16, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MYERS, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered July 1, 1976, upon a verdict convicting defendant of the crime of murder in the second degree. On July 27, 1975 defendant caused the death of Herman Simon by shooting him with a .38 calibre handgun. At least nine bullets struck Simon in the head and back. Eyewitness accounts established that defendant had reloaded his weapon twice before firing ceased and that he had appeared calm throughout the incident. Indicted for second degree murder (Penal Law, § 125.25, subd 1), defendant claimed his wife had been having an affair with Simon, a man physically larger than he and one who had threatened him in the past, so that during the fatal fusillade he had acted justifiably in self-defense and under the influence of extreme emotional disturbance (Penal Law, § 35.15, subd 2, par [a]; § 125.25, subd 1, par [a]). Accordingly, the trial court also submitted to the jury the lesser included offense of manslaughter in the first degree (Penal Law, § 125.20, subd 2), but it rejected the proffered defenses and returned a guilty verdict on the murder charge. Contrary to defendant's urging, we do not find that verdict to be against the weight of the evidence. All issues relating to the defenses were fully and fairly presented to the jury. It was within the province of that body to resolve the factual conflicts arising from the testimony, including the differences between the expert medical proofs, and a review of the record in its entirety persuades us that there was sufficient evidence to support its ultimate decision. Although defendant's argument that the affirmative defense of extreme emotional disturbance is unconstitutional possesses some appeal (Mullaney v Wilbur, 421 US 684), his position on that subject is foreclosed by the decision of the Court of Appeals in the case of People v Patterson (39 NY2d 288, affd 432 US 197) which we are bound to follow. Lastly, we discern no merit in defendant's contention that the trial court improperly placed upon him the burden of proving such an affirmative defense beyond a reasonable doubt. No exception was taken to the portion of the charge now challenged on this appeal. Moreover, the instructions immediately preceding those in question specifically defined the correct burden of proof to be applied and, taken in the context in which they were delivered, succinctly advised the jury of its responsibility in language which could not have been misunderstood. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.