THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v ROBERT WHITE, Appellant-Respondent.

First Department, November 22, 1977

### APPEARANCES OF COUNSEL

*Martin H. Jaffe* for appellant-respondent.

*Richard M. Seltzer* of counsel *(Peter L. Zimroth* with him on the brief; *Robert M. Morgenthau, District Attorney)*, for respondent-appellant.

### OPINION OF THE COURT

Birns, J. P.

Defendant was indicted under a multicount indictment for crimes stemming from an armed robbery on January 5, 1975 and was tried in December, 1975.

Evidence at the trial established that defendant and one Williamson (who pleaded guilty) had entered a barbershop and at gunpoint took cash, a television set and some clothes from the shopkeeper. The victim testified that "Mr. White came in with a pistol, with a revolver", "Mr. White had the revolver." Williamson was armed with a rifle. The witness stated he recognized defendant and Williamson from the neighborhood and identified them as the robbers.

He further testified that about one week after the robbery he saw defendant on the street at which time defendant approached him and said, "I am sorry that I robbed you * * * I'll try to get the television back for you, but I don't have no money, but I'll give you four or five dollars when I get it to make up for the money I took from you."

The People elicited testimony from the girl friend of Williamson that on the night of the crime, Williamson and defendant came to her apartment, that Williamson was carry-

ing a television set and a leather coat and that defendant was carrying some clothes, that she asked Williamson about these items and he responded that he had robbed her friend, the owner of the barbershop. Williamson did not testify at the trial nor did defendant take the stand.

The pistol used in the commission of the robbery was not found, nor was there any evidence that it was loaded or fired during the robbery. On December 5, 1975 the jury found defendant guilty of robbery in the first degree on the count charging him with having "displayed what appeared to be a pistol" during the crime (Penal Law, § 160.15, subd 4).

Prior to sentence defendant moved under CPL 330.30 (subd 1) and CPL 440.10 (subd 1, par [h]) to set aside the verdict and for a new trial, asserting that subdivision 4 of section 160.15 of the Penal Law in placing the burden of an affirmative defense upon defendant to prove that the pistol displayed was unloaded or inoperable, violated due process and hence was unconstitutional; that without evidence that the pistol was loaded and operable, the offense at most would be robbery in the second degree (Penal Law, § 160.15, subd 4 and § 160.10, subd 2, par [b]).

On March 15, 1976 the Trial Judge concluding that subdivision 4 of section 160.15 of the Penal Law was unconstitutional, granted defendant's motion to the extent of vacating the verdict of guilty of the crime of robbery in the first degree. The court stated (86 Misc 2d 803, 809): "I do not agree with the defendant, however, that the necessary consequence of this holding is to require a trial *de novo* * * * Robert White, was found guilty by a jury, beyond a reasonable doubt, of having participated in an armed robbery. It was not proved that the weapons were loaded or operable. He has been thus proved guilty of robbery in the second degree. The verdict of guilty of robbery in the first degree is vacated and there is substituted therefor a finding that he is guilty of robbery in the second degree [citing cases]."

An order to that effect was entered March 15, 1976.

On March 19, 1976 defendant was sentenced on the verdict of guilty of robbery in the second degree to a term of imprisonment of not less than four nor more than eight years as a predicate felon and he is now incarcerated pursuant to that judgment.

The People appealed from the order of March 15, 1976, claiming that the trial court's vacatur of the verdict of guilty

of robbery in the first degree and substitution therefor of robbery in the second degree was improper. This court treated the People's appeal as a valid appeal from the judgment and consolidated that appeal with defendant's appeal (see 57 AD2d 536).

The People's contention that the order of vacatur was improper is meritorious. The identical issue raised by defendant challenging the constitutionality of subdivision 4 of section 160.15 of the Penal Law was considered and rejected. (*People v Coleman,* 42 NY2d 837; *People v Clark,* 41 NY2d 612, 616-617 and cases cited therein; *People v Patterson,* 39 NY2d 288, affd *sub nom. Patterson v New York,* 432 US 197; see, also, *Farrell v Czarnetzky,* 566 F2d 381.)

We have considered defendant's arguments on his appeal and conclude that none of his contentions merits disturbance of the judgment of conviction.

While defense counsel may not have tried the case in errorless fashion, nevertheless, on the record as a whole, it cannot be said that his representation was so wholly without substance as to make it a nullity, or that trial counsel was so lacking in effectiveness as to render "the trial a farce or a mockery of justice" (*People v Tomaselli,* 7 NY2d 350, 354; *People v Brown,* 7 NY2d 359, 361).

Although the testimony of Williamson's girl friend as to admissions made by Williamson to her after the robbery was not admissible against defendant (*Krulewitch v United States,* 336 US 440; *People v Zavarro,* 26 NY2d 846; *People v Marshall,* 306 NY 223), defense counsel made no objection to the testimony. Consequently, any error as to the admissibility of said testimony was not preserved for review. Inasmuch as there is overwhelming evidence of defendant's guilt, we find no basis for exercising our discretion in the interest of justice to reverse on this point (*People v Pelow,* 24 NY2d 161, 167; *Harrington v California,* 395 US 250).

Lastly, we find insufficient impropriety in the District Attorney's summation to warrant reversal.

Accordingly, the judgment of the Supreme Court, New York County (STECHER, J.), rendered March 19, 1976, convicting defendant of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of four to eight years, should be modified, on the law, to the extent of vacating the sentence, reversing the order granting the motion to set aside the verdict, reinstating the verdict of guilty of

robbery in the first degree and remanding for sentence thereon, and otherwise affirmed.

LANE, MARKEWICH and LYNCH, JJ., concur.

Judgment, Supreme Court, New York County, rendered on March 19, 1976, unanimously modified, on the law, to the extent of vacating the sentence, reversing the order granting the motion to set aside the verdict, reinstating the verdict of guilty of robbery in the first degree and remanding for sentence thereon, and otherwise affirmed.