OPINION OF THE COURT
Albert M. Rosenblatt, J.
This is a motion by the defendant, Donald L. Wise, dated April 18, 1978, to dismiss the first two counts of the indictment on the ground that section 125.25 (subd 3) of the Penal Law is unconstitutional on due process grounds.
The challenge is directed at the constitutionality of the affirmative defense provision within the felony murder statute. He claims that the Legislature has denied him due process of law by enacting an affirmative defense by which he *944 must, in order to avert the thrust of the felony murder statute, affirmatively demonstrate that he fits within one of the exceptions of section 125.25 (subd 3, pars [a]-[d]). He asserts, in substance, that by requiring him to shoulder the burden of proof as to the applicability of these subdivisions, the statute is unconstitutional.
The court disagrees. The statute has sustained similar constitutional attack and has been declared sound both on Fifth Amendment and due process grounds. It does not at all alter the prosecution’s burden of proving guilt beyond a reasonable doubt, which must, as always, be established. The law does, however, relieve the defendant of statutory culpability — in spite of proof of guilt beyond a reasonable doubt as to the elements of the crime — by proving that he comes within one of the ameliorative exceptions. He need not disprove an element. Were that required the statute would indeed be unconstitutional (Mullaney v Wilbur, 421 US 684).
It is this very difference which sustains the New York affirmative defense format, and which distinguishes it from the constitutionally infirm Maine statute (People v Patterson, 39 NY2d 288, affd sub nom. Patterson v New York, 432 US 197).
The Supreme Court in Patterson made it plain that an affirmative defense provision is not necessarily tantamount to an unconstitutional transfer of burdens. The vice occurs only when the People are relieved of toeing the prosecutorial mark and the defendant is made to disprove an element of the crime. During the post Mullaney, pr e-Patterson period, some courts applied the Mullaney reasoning to the "extreme emotional disturbance” affirmative defense provision of section 125.27 (subd 2, par [a]) of the Penal Law and found the statute ailing. The defense cites People v Davis (49 AD2d 437), and People v White (86 Misc 2d 803). Both were reversed upon Patterson rationale (Davis, at 40 NY2d 835, White, at 59 AD2d 347). The other cases cited by the defense, if not reversed, cannot abide Patterson, and most respectfully, may not now be regarded as the law. Indeed, the post-Patterson cases under section 125.27 (subd 2, par [a]) of the Penal Law have gone the other way (People v Myers, 58 AD2d 685).
The Patterson rationale, directly applicable here, has supported the constitutionality of the analogous affirmative defense provision of section 160.15 (subd 4) of the Penal Law, and its survival has been uniformly certified on appeal (People *945 v Coleman, 42 NY2d 837; People v Woodberry, 56 AD2d 613; People v Felder, 39 AD2d 373, affd 32 NY2d 747, app dsmd 414 US 948; People v Perez, 55 AD2d 938; People v Rodriguez, 52 AD2d 781; People v Kapp, 55 AD2d 779; Farrell v Czarnetzky, 566 F2d 381).
The same challenge has been rejected in People v Manitaras (55 AD2d 629), and People v Harris (54 AD2d 739) relative to the affirmative defense burden of section 215.59 of the Penal Law in bail jumping cases.
Further, the characterization of entrapment as an affirmative defense has been held constitutinal because, as here, the defendant is not compelled to disprove guilt, but notwithstanding the commission of the criminal act beyond a reasonable doubt, escapes liability if he can establish the defense. (People v Hawkins, 84 Misc 2d 201, citing People v Laietta, 30 NY2d 68, cert den 407 US 923).
Lastly, the instant statute has itself been assailed on the same grounds as are raised here, with the same result (People v Donovan, 53 AD2d 27; People v Kampshoff, 53 AD2d 325). The Donovan decision was posited on due process grounds, which disposes of the defendant’s claim that the pre-Mullaney case of People v Bornholdt (33 NY2d 75, cert den sub nom. Victory v New York, 416 US 905), rested on Fifth Amendment, as opposed to due process grounds.
To sum up, none of the affirmative defense provisions of section 125.25 (subd 3) of the Penal Law involve elements of proof for felony murder. For that reason, there is no validity to the claim that the statute unconstitutionally furnishes the People with a presumption which the defense must negate (cf. Allen v County Ct, Ulster County, 568 F2d 998). The concept of felony murder does not embrace any presumption at all, but involves a constitutionally acceptable doctrine of constructive malice (People v Fonseca, 36 NY2d 133, 136), which has been deeply rooted in law. (People v Woods, 8 NY2d 48, 51.) The enactment of the affirmative defense provisions of section 125.25 (subd 3) of the Penal Law did not serve to reduce the People’s burden but, on the contrary, maintains it while providing the defense with the unique means of averting full culpability by demonstrating the existence of alleviating circumstances. The motion to dismiss the indictment is, accordingly, denied.