■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J. D. MORRIS and JOSEPH GOLDSMITH, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the County Court, Nassau County, both rendered October 26, 1977, convicting each of them of bribery in the second degree, upon a jury verdict, and imposing sentence. Judgments reversed, as a matter of discretion in the interest of justice, and new trial ordered. The defendants were charged with bribing a police officer to induce him to refrain from interfering with an illegal "policy operation" allegedly run by them. At trial the defendants denied making the alleged bribe and, further, raised the affirmative defense of entrapment. In completing its instructions to the jury on entrapment, the court charged: "[If] you find that the defendant has [sic] established such an affirmative defense by a preponderance of the evidence, then you must find the defendants not guilty of any charge in the indictment. If you are not so satisfied, beyond a preponderance of the evidence, then you may consider whether the People have proven the defendants' guilt of the crime charged, beyond a reasonable doubt." This charge impermissibly allowed the jury to consider the affirmative defense of entrapment prior to the determination of whether the prosecution had proven guilt beyond a reasonable doubt. Whenever an affirmative defense is raised, particular caution must be exercised to insure that the jury does not become confused and to insure that the prosecution's burden of proof is not diminished (People v Coates, 64 AD2d 1). Contrary to the trial court's instructions, guilt must be established beyond a reasonable doubt before the jury may even consider the affirmative defense (People v Coates, supra; People v Johnston, 47 AD2d 897). This is of the utmost importance in the instant case where the defendants have alternatively denied culpability and raised an affirmative defense. Since entrapment is in the nature of confession and avoidance, the very real possibility that the jury considered the affirmative defense of entrapment before first deciding whether guilt was established beyond a reasonable doubt, largely precluded the possibility of acquittal by reason of the defendants' denial of guilt (cf. People v Johnston, supra). Any such diminution of the prosecution's burden of proof is necessarily prejudicial and requires reversal. In remanding for a new trial, we note that the defendants have been jointly represented throughout the criminal proceedings. Although the record contains no obvious indication of a conflict of interest, upon remand the court should fulfill its responsibility of inquiring as to whether the defendants have been made aware of the potential risks of joint representation (see People v Gomberg, 38 NY2d 307). O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.