■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA COHEN, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered March 2, 1979, convicting her of murder in the second degree and criminal possession of a weapon in the second and third degrees, upon a jury verdict, and imposing sentence. On July 30, 1979 this court modified the judgment, on the law, by reversing the conviction of criminal possession of a weapon in the second degree and the sentence imposed thereon, and that count was dismissed *(People v Cohen,* 71 AD2d 687). On June 10, 1980 the Court of Appeals, *inter alia,* held that the defendant is "entitled to a new trial on the count[s] charging her with murder in the second degree and criminal possession of a weapon in the second degree" *(People v Cohen,* 50 NY2d 908, 909). With respect to the second degree possession count, the case was remitted to this court pursuant to CPL 470.25 (subd 2, par [d]) and CPL 470.40 (subd 2, par [b]). Judgment with respect to the conviction of criminal possession of a weapon in the second degree, reversed, on the law, and case remitted to the County Court, Westchester County, for a new trial with respect to that count and for further proceedings in accordance with the determination of the Court of Appeals. The Court of Appeals held that a new trial was required as to the murder charge, that defendant had to be resentenced on her conviction of criminal possession in the third degree and that the charge of criminal possession of a weapon in the second degree "is factually related to the murder charge in this case, so that the reversal of the murder conviction should also require a new trial on the charge of criminal possession of a weapon in the second degree" *(People v Cohen, supra,* p 911). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FUSARO and LAURA BARBERIO, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County, both rendered December 17, 1976, convicting each of them of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the third and fifth degrees and also convicting defendant Fusaro of two counts of criminal sale of a controlled substance in the sixth degree, upon jury verdicts, and imposing sentences. Judgments reversed, as a matter of discretion in the interest of justice, and new trial ordered. Defendants were tried together. A joint defense of entrapment was asserted. In the course of the trial court's charge to the jury, the jurors were instructed to first consider whether the defendants had proven their defense by a preponderance of the evidence, and if they had, to acquit them; if the jurors did not believe the defense, they were instructed to then consider whether the People had proven defendants' guilt beyond a reasonable doubt. This charge was erroneous and served to deprive defendants of a fair trial in that it acted to dilute the People's burden of proof (see *People v Morris,* 68 AD2d 893; *People v Johnston,* 47 AD2d 897). Accordingly, in view of the nature of the error, we reverse and order a new trial, notwithstanding defendants' failure to make timely trial objection thereto. Other claims asserted by both defendants on appeal have been considered and found to be without merit. Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.