■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE CHRISTOPHER MILLARD, Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered July 16, 1980 upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the first degree and criminal possession of a weapon in the third degree. Defendant's arrest arose out of reports of his illegal activities by one Harrison, a police informant, to an investigator of the New York State Police beginning in August, 1979. On November 14, 1979, Harrison related that defendant had brought a 1980 Cadillac to his house which defendant told him had been stolen from the Johnstown, Pennsylvania, area. The investigator confirmed the theft of a vehicle fitting Harrison's description with the applicable local police. Later that day, police live-monitored a conversation between Harrison and defendant's accomplice regarding arrangements for a meeting with the prospective buyer of the stolen vehicle that evening, in which the possible use of a .25 caliber handgun was mentioned. The police thereupon staked out the agreed upon meeting place. When defendant and his accomplice arrived in the Cadillac, the police surrounded the car, arrested the two occupants, and seized

the .25 caliber weapon. Defendant was tried and convicted of criminal possession of stolen property in the first degree and criminal possession of a weapon in the third degree. This appeal then ensued. We affirm the judgment. County Court properly held that probable cause existed for defendant's arrest. Harrison, the informant, had an adequate "basis of knowledge" of defendant's illegal possession of the stolen vehicle: defendant had brought the vehicle to his home, told him the details of its theft, and involved him in arrangements to sell it. Harrison's reliability was verified by the police by confirming that a vehicle fitting the Cadillac's description had in fact been stolen as he reported it, by monitoring the telephone conversation between him and defendant's accomplice, and by defendant's appearance with the stolen vehicle at the agreed upon meeting place. Thus all requirements for establishing probable cause were clearly met (*Aguilar v Texas,* 378 US 108, 114; *People v Rodriguez,* 52 NY2d 483, 489, 491). County Court was likewise correct in rejecting defendant's motion to suppress his confession. Defendant was advised of his *Miranda* rights prior to interrogation, and no right to counsel had attached arising out of the then pending unrelated criminal charge since there was no evidence that he was then represented by counsel on that charge (*People v Kazmarick,* 52 NY2d 322, 324). Defendant's remaining assignments of error are equally without merit. Defendant's simultaneous illegal possession of the gun and the stolen vehicle established that the charges for these two crimes were based upon the same criminal transaction (CPL 40.10, subd 2); hence, they were joinable in a single indictment (CPL 200.20, subd 2, par [a]). As such, they were not subject to any discretionary severance (cf. CPL 200.20, subd 3; see *People v Lane,* 56 NY2d 1, 7). Any possible prejudice from the prosecutor's alleged misstatement in his summation regarding defendant's entrapment defense was thoroughly dissipated by his explanatory remarks after defendant objected, and by the court's curative instructions and clear explanation in the charge to the jury of the elements of that defense. The jury was fully justified in resolving against defendant the purely factual issue presented regarding the entrapment (*People v McGee,* 49 NY2d 48, 61, cert den *sub nom. Quamina v New York,* 446 US 942). Nor, contrary to defendant's contention, is there any constitutional infirmity in imposing the burden of proving entrapment by a preponderance of the evidence upon the defendant as an affirmative defense. Establishment of an entrapment defense does not negate the commission of the crime charged or the existence of any element thereof (see *People v Patterson,* 39 NY2d 288, affd 432 US 197). Rather, this affirmative defense "is designed to prevent punishment for an offense 'which is the product of the creative activity of [the State's] own officials' " (*People v McGee, supra,* p 60) by focusing on the inducing conduct of the police and the defendant's predisposition (Penal Law, § 40.05). Finally, defendant's previous convictions and course of illegal activities clearly justified the concurrent sentences imposed. We have considered the other issues raised by defendant and find them to be without merit. Accordingly, the judgment should be affirmed in all respects. Judgment affirmed. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.