■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CARL ERSKINE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rosenberger, J.), rendered December 11, 1984, convicting him of bribery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

In the instant matter, the defendant asserted both the defense of coercion (see, Penal Law § 200.05) and the affirmative defense of entrapment (see, Penal Law § 40.05). While these two defenses are inconsistent in terms of burden of proof in that the People are required to disprove coercion beyond a reasonable doubt while the defendant must establish entrapment by a preponderance of the evidence, instructions are mandated as to both, if supported by a reasonable view of the evidence (see, People v Sellars, 74 AD2d 551). The jury was properly instructed that it must first determine whether the defendant was guilty of bribery beyond a reasonable doubt prior to considering the affirmative defense of entrapment (see, People v Morris, 68 AD2d 893; see also, People v Coates, 64 AD2d 1, 6; People v Johnston, 47 AD2d 897, 900). The evidence is legally sufficient to support the verdict in this case (see, People v McGee, 49 NY2d 48, 60-61). Moreover, upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt (see, CPL 470.15 [5]).

Contrary to the opinion of our dissenting colleagues, we determine that the imposition of a sentence of four months' imprisonment to run concurrently with a period of five years' probation was a proper exercise of the sentencing court's discretion, particularly in view of the nature of the offenses, and while recognizing our power to modify sentences "[a]s a matter of discretion in the interest of justice" (CPL 470.15 [3] [c]), we see no reason to substitute our own discretion for that of the sentencing court (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them either unpreserved or without merit. Mollen, P. J., Bracken and Spatt, JJ., concur.

Eiber, J., dissents in part, and votes to modify the judgment, by deleting the provision imposing a four-month term of imprisonment to run concurrently with the term of five years' probation, and substituting therefore a provision requiring the

defendant to perform community service as a condition of probation, and thereupon to affirm the judgment as so modified, and to remit the matter to the Supreme Court, Kings County, to set the terms of such community service, with the following memorandum, in which Lawrence, J., concurs: In my view, the judgment appealed from should be modified by deleting the provision imposing a four-month term of imprisonment as a condition of probation, and substituting therefor a provision requiring the defendant to perform community service.

Although I harbor no doubt that the defendant was properly convicted of bribery and although his conduct in this regard cannot be condoned, due consideration should be given to the fact that the defendant's previous record is unblemished and that he endeavored to obtain a liquor license from the appropriate authorities but was unsuccessful in his quest. Moreover, during the course of his negotiations with the police officers involved, the defendant manifested his desire to run a "clean" enterprise, as evidenced by his request for the return of a metal detector which had been used to screen patrons and which was seized by the police during a prior raid of the social club. The defendant, a hard-working individual and the father of two, expressed his remorse and submitted a report prepared by the Consultants for Criminal Justice Alternatives wherein it was recommended that a sentence of community service would best serve the rehabilitative needs of the defendant.

Under the circumstances, I am inclined to conclude that requiring the defendant to participate in a substantial and meaningful community service project, in addition to probation, is an appropriate and sufficient sanction and that confinement, as a condition of probation, in this case, would be completely counterproductive.