JESUS M. TORRES, Appellant, v STATE OF NEW YORK, Respondent. [644 NYS2d 748]

The claimant's convictions of criminal possession of a controlled substance in the first degree and criminal sale of a controlled substance in the first degree were reversed and the indictment was dismissed because of a finding by this Court that the defense of entrapment had been established at trial by a preponderance of the credible evidence *(see, People v Torres,* 185 AD2d 257). Thereafter, the claimant sued for compensation under Court of Claims Act § 8-b for the six years he had spent in prison. The Court, however, granted the defendant's motion to dismiss the claim, finding, *inter alia,* that the claimant could not prove his innocence at trial. We now affirm.

Under Court of Claims Act § 8-b, the court must dismiss a claim for unjust conviction and imprisonment when, after reading the claim, it finds that the claimant is not likely to succeed at trial *(see,* Court of Claims Act § 8-b [4]). In order to prevail on a claim for unjust conviction and imprisonment, the claimant must prove, by clear and convincing evidence, among other things, that, "he did not commit any of the acts charged in the

accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state" (Court of Claims Act § 8-b [5] [c]; *see, Paris v State of New York,* 202 AD2d 482, 483).

The requirements of this statute are to be strictly construed *(see, Fudger v State of New York,* 131 AD2d 136, 140; *see also, Berger v City of New York,* 260 App Div 402, 404, *affd* 285 NY 723).

Under New York law, entrapment is *not* a defense which negates the commission of the crime charged or the existence of any element thereof. Rather, it acts as a species of "confession and avoidance" *(People v Laietta,* 30 NY2d 68, *cert denied* 407 US 923; *People v Millard,* 90 AD2d 590; *People v Hawkins,* 84 Misc 2d 201; *People v Player,* 80 Misc 2d 177, 181). The defense was designed merely " 'to prevent punishment for an offense "which is the product of the creative activity of [the State's] own officials," ' * * * by focusing on the inducing conduct of the police and the defendant's predisposition" *(People v Millard, supra,* at 591, quoting *People v McGee,* 49 NY2d 48, 60, *cert denied sub nom. Quamina v New York,* 446 US 942).

It is not disputed that the claimant appeared on the night of July 25, 1985, with one-half kilo of cocaine, which he turned over to an undercover officer in exchange for $27,500. In light of these facts, there is no likelihood that the claimant will be able to prove his innocence at trial by clear and convincing evidence. Miller, J. P., Copertino, Santucci and Altman, JJ., concur.