963 So.2d 878 (2007)
Percy A. TERCERO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1139.
District Court of Appeal of Florida, Fourth District.
August 22, 2007.
*879 Charles Wender, Boca Raton, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
This appeal arises from the trial court's denial of appellant's motion to suppress contraband discovered in appellant's car during a search incident to his arrest on an outstanding warrant. We affirm.
*880 On or about February 9, 2005, appellant was stopped and arrested on an arrest warrant for charges of possession and sale of marijuana, which stemmed from his sale of marijuana to an undercover police detective on October 27, 2004 (Case No. 05-130-CF). Incident to the arrest on the warrant, the police searched appellant's vehicle and found drugs and drug paraphernalia. This discovery led to additional charges against appellant for possession of hydrocodone, possession of twenty grams or less of cannabis, and use or possession of drug paraphernalia (Case No. 05-230-CF).
Appellant moved to dismiss the undercover drug sale charges filed in Case No. 05-130, asserting objective entrapment. He alleged that the confidential informant (CI), to whom he sold the marijuana, was his supervisor at work, and that the CI pressured him and threatened to fire him if he did not sell him marijuana. He further alleged that the CI was unsupervised and made all the arrangements for the drug transaction. The trial court granted the motion to dismiss, finding that the police conduct in the undercover investigation was "outrageous" and a violation of appellant's due process rights.[1]
In Case No. 05-0230, appellant filed a motion to suppress the evidence seized from his automobile on February 9, 2005. He argued that the evidence should be suppressed under the "fruit of the poisonous tree" doctrine because it was seized incident to his arrest on a warrant that was tainted by police misconduct. The trial court denied the motion to suppress. The court ruled that the evidence in that case was seized during execution of a valid arrest warrant, fully supported by probable cause, and that any search incident to that arrest was likewise valid. Appellant entered a no contest plea to the charges in Case No. 05-230 and reserved the right to appeal the denial of his motion to suppress.
Although we review the trial court's factual findings in a ruling on a motion to suppress for competent substantial evidence, we review its legal conclusions de novo. See Martin v. State, 921 So.2d 697, 698 (Fla. 4th DCA), review denied, 935 So.2d 2 (Fla.2006); Underwood v. State, 801 So.2d 200, 202 (Fla. 4th DCA 2001).[2] Appellant does not dispute the facts leading to discovery of the contraband in this case. Rather, he argues that, as a matter of law, the drugs seized from him during execution of an arrest warrant secured by misconduct (objective entrapment) should be suppressed under the "fruit of the poisonous tree" doctrine. Our review in this case is thus de novo.
This case raises the question whether the "fruit of the poisonous tree" doctrine requires suppression of evidence found in a search incident to an arrest, where the arrest arose from a prior violation of the defendant's constitutional due process rights. More specifically, we examine the significance of a trial court's finding of prior police misconduct (objective entrapment) as it bears upon the question of whether an arrest warrant secured *881 by that misconduct may serve as a lawful basis for a search incident to an arrest on that warrant.
After an evidentiary hearing on appellant's motion to dismiss charges arising from appellant's sale of marijuana to an undercover detective, the trial judge found that the manner in which the police conducted the operation was "outrageous." The court dismissed the charges, concluding that the police conduct constituted objective entrapment and a violation of appellant's due process rights. Appellant argues that the subsequent arrest warrant, and any search incident to an arrest on the warrant, was tainted as the "fruit" of the entrapment.
The "fruit of the poisonous tree" doctrine is a judicially developed "`exclusionary rule,' which forbids the use of evidence in court if it is the product or fruit of a search or seizure or interrogation carried out in violation of constitutional rights." Craig v. State, 510 So.2d 857, 862 (Fla.1987) (citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and United States v. Cruz, 581 F.2d 535 (5th Cir.1978)). However, not "all evidence is `fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police." Wong Sun, 371 U.S. at 487-88, 83 S.Ct. 407. Rather, the issue to be decided is "`whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" Id. at 488, 83 S.Ct. 407 (quoting Maguire, Evidence of Guilt, 221 (1959)). In deciding this issue, courts must consider three factors: "`(1) the time elapsed between the illegality and the acquisition of the evidence; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct.'" State v. Frierson, 926 So.2d 1139, 1143 (Fla.) (quoting United States v. Green, 111 F.3d 515, 521 (7th Cir.1997)) (relying on the factors explicitly set forth in Brown v. Illinois, 422 U.S. 590, 603-04, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975)), cert. denied, ___ U.S. ___, 127 S.Ct. 734, 166 L.Ed.2d 570 (2006).
In Frierson, a police officer made an invalid traffic stop of the defendant. During the officer's identification check, he discovered that there was an outstanding warrant for the defendant. The officer arrested the defendant on the warrant. A search incident to the arrest revealed a firearm, and the defendant was charged with being a convicted felon in possession of a firearm. Applying the factors set forth in Green, the Frierson court held that even though the initial stop of the defendant was invalid, the firearm did not have to be suppressed. See 926 So.2d at 1144. The court concluded that the officer's discovery of the outstanding warrant was an intervening circumstance which dissipated the taint of the illegal traffic stop and that the search was incident to the outstanding warrant and not incident to the illegal stop. The court emphasized that the outstanding arrest warrant was a judicial order directing the arrest of the defendant whenever he was located. Id.
More recently, the supreme court applied the three-part test in Golphin v. State, 945 So.2d 1174 (Fla.2006), petition for cert. filed, No. 06-1251, 75 USLW 3512 (Mar. 9, 2007). There, the court determined that drug evidence discovered during the search of the defendant incident to an arrest on an outstanding warrant did not have to be suppressed, regardless of whether the defendant's encounter with police during the traffic stop constituted *882 an unlawful seizure.[3] Noting that the officer had an indisputable obligation to enforce the arrest warrant, the court determined that "the search was incident to the arrest, not to the preceding encounter between Golphin and [the officer]." Id. at 1192. The court stated:
We further note that the United States Supreme Court has held that searches incident to a lawful arrest are constitutionally permissible and reasonable under the Fourth Amendment. See United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) ("It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a `reasonable' search under that Amendment.").
Id.
As in Frierson and Golphin, the evidence in this case was seized during a search incident to appellant's arrest on an outstanding warrant. Notably, no illegal stop or detention of appellant preceded his arrest on the warrant. The encounter began with the police performing their "indisputable obligation" to arrest appellant on the warrant. Golphin, 945 So.2d at 1192. Thus, the search was incident to the arrest, not to any preceding encounters between appellant and the police.
Appellant argues, however, that the initial police misconduct, i.e. the entrapment activity during the undercover drug sale, rendered the arrest warrant invalid. He urges us to apply the three-pronged Brown v. Illinois analysis to these circumstances and find that the search incident to the outstanding "entrapment warrant" was not sufficiently attenuated from the initial police misconduct so as to dissipate the taint. Appellant argues that the drug evidence should be suppressed because there was no break in the causal connection between the unlawful police activity and the search incident to arrest. To illustrate this, he diagrammed the sequence of events, as follows:
Undercover sale = arrest warrant = execution of arrest warrant = search incident to execution of warrant = discovery of new drugs.
The three-part analysis that Frierson requires is done to determine "whether . . . evidence obtained after an illegal arrest or search should be excluded" under Wong Sun's "fruit of the poisonous tree" doctrine. Frierson, 926 So.2d at 1143 (emphasis added). As appellant's diagram shows, the drug evidence seized from appellant was not obtained after an illegal arrest or search. It was seized during a search incident to appellant's arrest on an outstanding warrant. The arrest warrant was supported by probable cause and was not invalidated by the trial court's subsequent finding of entrapment. This finding did not affect the validity of the arrest warrant that led to discovery of the drugs. Appellant's entrapment defense, though successful, did not strip the initial arrest of probable cause. A claim of entrapment is an affirmative defense, which does not negate the commission of the crime charged or the existence of any element thereof, but seeks an avoidance of the charges. Herrera v. State, 594 So.2d 275, 277 (Fla. 1992).
*883 We have been unable to find a case in Florida wherein a defendant attempted to apply the exclusionary rule to evidence that was obtained during a search incident to an arrest on charges that were later dismissed on grounds of entrapment. However, we find the analysis of several other courts on related issues instructive.
In Labensky v. County of Nassau, 6 F.Supp.2d 161 (E.D.N.Y.1998), the plaintiff brought a § 1983 action against the police department, undercover informant, and detectives after his criminal charges were dismissed based on his entrapment defense. The defendant argued that no probable cause existed for his arrest because of the police conduct creating entrapment. The Labensky court disagreed, noting first that entrapment is an affirmative defense. The court further explained:
Thus, the law permits the police to arrest a person who has been induced to commit a crime even if they cannot, at the time of arrest, prove predisposition. Indeed, the police may then conduct further investigation into the defendant's backgroundincluding steps that cannot be taken during the covert phase of investigationin a search for evidence that might rebut an affirmative defense of entrapment. If a successful entrapment defense strips the initial arrest of probable cause, as Labensky argues, police officers will be deterred from making such arrests and pursuing such investigations. The rule Labensky seeks would, in effect, tell the officers that a defense that might later be raised could retroactively render the arrest itself illegal, subjecting the officer to civil liability.
Id. at 177.
The District Court for the Eastern District of New York made a similar finding in Torres v. Marquardt, No. 93-CV-2993 JG, 1997 WL 1068680 (E.D.N.Y. Apr.3, 1997). There, in addressing the same argument, the court held that the defense of entrapment "does not `negate the commission of the crime'" or any of its elements. Id. at *4 (quoting People v. Millard, 90 A.D.2d 590, 456 N.Y.S.2d 201, 203 (N.Y.App.Div.1982)). Rather, the defense is a "`confession and avoidance.'" Id. (quoting People v. Morris, 68 A.D.2d 893, 413 N.Y.S.2d 757, 758 (N.Y.App.Div.1979)). The court concluded, "[i]ndeed, the validity of an arrest does not turn upon the ultimate finding of guilt or innocence, but whether probable cause existed at the time of arrest. Thus, the probable cause arising from Torres' actions remains unaffected by the subsequent finding of entrapment." Id. (citation omitted).
Other federal courts have held that "[e]ntrapment is not part of our Fourth Amendment probable-cause-to-arrest analysis." Humphrey v. Staszak, 148 F.3d 719, 724 (7th Cir.1998). Whereas a probable cause analysis "requires one to examine the circumstances from the view of an objectively reasonable police officer[,][e]ntrapment . . . is an affirmative defense of a criminal defendant to otherwise culpable conduct." Id. To negate probable cause, "the plaintiff must provide evidence that the officer `knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officers' determinations that probable cause existed for the arrests.'" Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 866 (7th Cir.2004) (quoting Molina ex rel. Molina v. Cooper, 325 F.3d 963, 968 (7th Cir.2003)).
Entrapment occurs when "`the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction.'" State v. Glosson, 462 So.2d *884 1082, 1084 (Fla.1985) (quoting United States v. Russell, 411 U.S. 423, 431-32, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973)). A trial court may properly dismiss criminal charges for such constitutional due process violations. See State v. Williams, 623 So.2d 462, 464 (Fla.1993) (approving reversal of defendant's conviction for purchasing crack cocaine that was illegally manufactured by law enforcement officials for reverse-sting operations). Indeed, the trial court below dismissed the undercover drug sale charges against appellant as an appropriate remedy after appellant established objective entrapment in that case.
However, the trial court properly declined to exclude the evidence in appellant's drug possession case. Courts exclude evidence under the "fruit of the poisonous tree doctrine" when they determine that the evidence is the "product or fruit of a search or seizure or interrogation carried out in violation of constitutional rights." Craig, 510 So.2d at 862. The exclusionary rule serves primarily to redress violations of Fourth Amendment rights. Simply put, we do not believe that the "fruits" doctrine applies to vindicate claims of entrapment.
Even if we were to apply the Brown v. Illinois factors to the factual scenario in this case, we would nonetheless conclude that the drug evidence did not have to be suppressed as the product or fruit of a search or arrest carried out in violation of constitutional rights. Execution of the arrest warrant was an intervening circumstance that was sufficiently distinguishable from the prior police misconduct so as to dissipate the taint of that "primary illegality." Furthermore, there was no close temporal proximity between the law enforcement entrapment conduct and the discovery of the drugs during the search incident to the arrest on the warrant.
For the reasons stated above, we affirm the order denying appellant's motion to suppress.
Affirmed.
STONE, J., and COLBATH, JEFFREY J., Associate Judge, concur.
NOTES
[1] The state did not appeal the order of dismissal.
[2] The state argues that because appellant has failed to include a transcript of the hearing on appellant's motion to suppress in the record on appeal, we are precluded from reviewing this issue on appeal. However, we agree with appellant that a transcript is not required for our review because the trial court did not hold an evidentiary hearing on the motion to suppress, but denied it solely on appellant's legal argument that the trial court's finding of objective entrapment precluded admission of the drugs seized during execution of the arrest warrant for the undercover sale.
[3] In fact, the supreme court did not find that Golphin was unlawfully seized. It found that, based on the totality of the circumstances, Golphin's encounter with the police was consensual, and that the consensual nature of the encounter did not change into a seizure simply because the police retained Golphin's identification during a computer check for warrants. See 945 So.2d at 1193.