Memorandum. The judgment of conviction of defendant-appellant Isaac Zavarro should he affirmed.
The judgment of conviction of defendant-appellant Mark Zavarro should he reversed and a new trial ordered. Upon their joint trial for arson, neither defendant testified nor did either give a confession to police authorities. However, there was introduced in evidence an admission by the defendant Isaac Zavarro to a private party which implicated his brother Mark and which the trial judge instructed the jury was “ admissible only against the defendant who made it ”. Under settled principles, it was reversible error to admit this testimony—the only evidence connecting Mark with the crime — upon the joint trial, and the trial court’s charge was insufficient to eradicate such error. (See, e.g., People v. [Floyd] Baker, 26 N Y 2d 169; People v. [Wallace] Baker, 23 N Y 2d 307; People v. Boone, 22 NY 2d 476; People v. Jackson, 22 N Y 2d 446; Roberts v. Russell, 392 U. S. 293; Bruton v. United States, 391 U. S. 123.) Since an effective redaction was manifestly impossible, the defendant Mark Zavarro should have been granted a separate trial.
Since there was. no charge of conspiracy, we do not reach the argument, urged upon us by the People, that an admission by one defendant, in the course and in furtherance of the conspiracy between the two appellants would be admissible against the other despite the Bruton rule. Not only was Isaac’s admission, made after the fire, not in furtherance of the conspiracy (see, e.g., People v. Mirenda, 23 N Y 2d 439, 454; People v. Christman, 23 N Y 2d 429, 433) but the trial judge’s instruction —making no reference to the conspiracy when he charged the jury that Isaac’s statement was not admissible against Mark — effectively precluded the jury from considering the question in any event.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in memorandum.
In People v. Mark Zavarro: Judgment reversed, etc.
In People v. Isaac Zavarro: Judgment affirmed.