■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PAPA, Appellant.—Appeal from a judgment of the Supreme Court, New York County, Central Narcotics Part, in a Queens County case, rendered October 1, 1973, convicting defendant of criminal possession of a dangerous drug in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, new trial ordered and the case as against this defendant, Papa, is severed from that as against his codefendants. Defendant Papa was indicted and tried, along with codefendants George Freed and Wayne Johnston, for the crimes of selling a dangerous drug in the first degree, possession of a dangerous drug in the first degree and possession of a dangerous drug in the fourth degree with intent to sell, all arising out of an alleged sale of about 18 ounces of cocaine to undercover police officers on July 3, 1972 in Queens County. After a jury trial, Papa was convicted of possession of a dangerous drug in the first degree, a class A felony (his codefendants were convicted of fourth degree possession only, a class D felony). Papa did not testify. The facts underlying this prosecution are fully set forth in *People v Freed* (47 AD2d 897). A mere perusal thereof suffices to establish that the trial court deprived Papa of a fair trial by denying his renewed motions for a severance. The prejudice suffered by Papa in this joint trial does not stem from the mere fact that his codefendants raised the defense of entrapment, but rather from the nature and quantity of evidence received upon that defense and from the trial court's rulings or lack of limiting instructions to the jury. Thus, for example, Papa's counsel was repeatedly forced to take a position antagonistic to that of the codefendants' counsel, the former objecting to testimony of events and statements prior to July 3, 1972 (the date of the drug sale), and, frequently, to questions asked by the codefendants' counsel; and mounds upon mounds of evidence in this lengthy trial came in solely with relation to the entrapment defense, some of which was highly prejudicial to Papa (e.g., testimony as to alleged pimping, corruption, bribery, guns, the Bambrick affair and a few references to other drug sales). To make matters worse, the trial court never specified to the jury exactly what evidence had been admitted solely on the entrapment defense and, in its main charge, totally failed to. instruct the jury as to what evidence or statements were admissible only as against a certain defendant or defendants (it did subsequently give a limiting instruction on certain redacted tape recordings, but this came only upon the jury's request for a playing thereof). In a trial of this length, we cannot assume that the jury properly segregated the evidence on its own (see *People v Rossi,* 270 App Div 624). Furthermore, the trial court's erroneous instruction on the issue of entrapment (i.e., that the codefendants conceded their guilt by raising this defense), coupled with its initial misstatements that this instruction applied to defendant Papa, helped to undercut Papa's absolute denial of the prosecution's charges; and, with respect to the admission into evidence of at least one statement by a codefendant inculpating Papa, a statement made by Freed while in police custody on July 5, 1972, there was a violation of Papa's rights as set down in *Bruton v United States* (391 US 123). We also note that the trial court ruled inconsistently, as respects limiting instructions, on a category of statements made by the codefendants at the time of the sale, inculpating Papa, and related upon the trial by the prosecution witnesses Spinelli and Caggiano; and that, in the absence of any charge of conspiracy, or instruction to the jury that an extrajudicial statement by one defendant inculpating another was admissible against the other if the jury found the existence

of a conspiracy as a matter of fact, the People may not now justify the admissibility of such statements as against all the defendants on a conspiracy theory (see *People v Zavarro,* 26 NY2d 846). Finally, we note that defendant Papa, too, was deprived of a fair trial by the statements, conduct and inexperience of the prosecutor, which issue is fully discussed in *People v Freed (supra),* and we concur in the decision in that case. Cohalan, Acting P. J., Christ, Brennan, Benjamin and Shapiro, JJ., concur.