■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HALPIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 15, 1977, convicting him of criminal usury, upon a jury verdict, and imposing sentence. Judgment affirmed. On their direct case the People introduced in evidence statements

made by defendant's coparticipant Danny Colasanto during the course of the usurious transactions, which implicated defendant. The trial court properly held that the People made out a prima facie case based upon evidence independent of those statements, that defendant and Colasanto were coparticipants in a conspiracy and consequently that Colasanto's statements were admissible as declarations of a coconspirator made in the course and furtherance of the conspiracy (see *People v Salko,* 47 NY2d 230). On this appeal defendant, citing *People v Zavarro* (26 NY2d 846) and *People v Papa* (47 AD2d 902), contends that the trial court should have instructed the jury to consider Colasanto's statements against defendant only if the jury first found, based upon independent evidence, that Colasanto and defendant were coconspirators. In our view defendant's reliance on *Zavarro* and *Papa* to support his contention is misplaced. An examination of these decisions reveals that neither specifically held that it is for the jury, rather than the court, to decide, based on independent evidence, if a conspiracy existed. What these two decisions did warn against was the attempt by the People to raise the conspiracy issue for the first time on appeal in order to justify the admission of certain statements which inculpated the defendants. This latter problem did not arise in the case at bar since the coconspirator theory was hotly pursued and contested in the trial court. It is our view that the rule adopted by the Federal courts, i.e., that it is for the court, and not the jury, to determine the preliminary question of whether the People made out a prima facie case by independent evidence that a conspiracy existed, is a salutary one (see *United States v Nixon,* 418 US 683, 701, n 14; *United States v Projansky,* 465 F2d 123, 137-138, cert den 409 US 1006; *Carbo v United States,* 314 F2d 718, 736-737; *United States v Dennis,* 183 F2d 201, 230-231, affd on other grounds 341 US 494). The reasons for this rule are set forth in *Carbo v United States (supra,* pp 736-737): "Appellants' view of the law, as set forth in the proposed instructions, is that the preliminary question is to be resolved by the jury upon proof beyond a reasonable doubt. Yet if by independent evidence the defendant's position as a co-conspirator is to be established by the jury upon their judgment beyond a reasonable doubt, there is no occasion ever to resort to the declarations at all. The district court in effect will have told the jury, 'You may not consider this evidence unless you first find the defendant guilty.' The point is made in United States v. Dennis, 2 Cir., 1950, 183 F.2d 201, 230-231, affirmed 1951, 341 U.S. 494, * * * where it is stated: 'It is difficult to see what value the declarations could have as proof of the conspiracy, if before using them the jury had to be satisfied that the declarant and the accused were engaged in the conspiracy charged; for upon that hypothesis the declarations would merely serve to confirm what the jury had already decided. In strict logic these instructions in effect altogether withdrew the declarations from the jury, and it was idle to put them in at all.' In Rowley v. Braly, 1926, Texas Civ. App., 286 S.W. 241, 245, the same thought is expressed: 'If the conspiracy is established, then what purpose can the declarations and statements introduced in evidence serve? * * * If this [rule giving the determination to the Judge] is not correct, of what avail would the proof of such declarations be to the party offering them.' Finally, Maguire and Epstein, supra footnote[23], at page 407 (their footnote 47), agree that: 'If the other evidence satisfies the jury that the conspiracy has been entered into, the co-conspirator's declarations can fulfill no useful function.' We find the quoted authorities

---

"**23.** See discussion, Maguire and Epstein, Preliminary Questions of Fact Determining the Admissibility of Evidence, 1927, 40 Har.L.Rev. 392,415."

persuasive. To accept the problem as one of admissibility of evidence is to recognize that the declarations, if admissible, shall be considered by the jury *in reaching* its determination upon the issue of innocence or guilt. It will not do to tell the jury that it must reach its determination first. The rule of law for which appellants contend would, then, effectively condemn this entire exception to the hearsay rule. This result we must reject. Nor could this exception be rescued by giving the preliminary question to the jury to be decided by it upon the basis of a prima facie case rather than proof beyond a reasonable doubt. The jury is already concerned with the evidence-weighing standards involved in proof beyond a reasonable doubt. To expect them not only to compartmentalize the evidence, separating that produced by the declarations from all other, but as well to apply to the independent evidence the entirely different evidence-weighing standards required of a prima facie case, is to expect the impossible. As stated in Dennis, supra, 183 F.2d at page 231: 'Indeed, it is a practical impossibility for laymen, and for that matter for most judges, to keep their minds in the isolated compartments that this requires.' Indeed, the injection of the standards of a prima facie case into a jury determination (even though carefully isolated, by instructions, from the ultimate determination of guilt) might very well be found to cause confusion as to standards of proof highly prejudicial to the defendant. Therefore, we adopt in this situation the orthodox prevailing view of the allocation of functions between judge and jury, which assigns to the judge decisions upon preliminary questions of fact determinative of the admissibility of evidence challenged under technical evidentiary rules.[24] Our position is supported by language in United States v. Dennis, supra, 183 F.2d at page 231: 'The law is indeed not wholly clear as to who must decide whether such a declaration may be used; but we think that the better doctrine is that the judge is always to decide, as concededly he generally must, any issues of fact on which the competence of evidence depends, and that, if he decides it to be competent, he is to leave it to the jury to use like any other evidence, without instructing them to consider it as proof only after they too have decided a preliminary issue which alone makes it competent.' It is for the judge then, and not the jury, to determine the admissibility of the declarations. In making this determination the test is not whether the defendants' connection had by independent evidence been proved beyond a reasonable doubt, but whether, accepting the independent evidence as credible, the judge is satisfied that a prima facie case (one which would support a finding) has been made. Thereafter it is the jury's function to determine whether the evidence, including the declarations, is credible and convincing beyond a reasonable doubt." Accordingly, once the trial court in the case at bar held that a prima facie case of conspiracy was established and that Colasanto's statements inculpating defendant were admissible into evidence as declarations of a coconspirator made in the course and furtherance of the conspiracy, no limiting instructions were required to be given to the jury. We have considered defendant's other contentions and find them to be without merit. Suozzi, J. P., Cohalan, Margett and Martuscello, JJ., concur.

---

"24. See Maguire and Epstein, supra."