DONATO RUGGIERO, Individually and as Administrator of the Estate of ANTHONY RUGGIERO, Deceased, Respondent, v ROBERT FAHEY, Individually and as a Detective and Police Officer of the City of New York, et al., Respondents, and WILLIAM L. MURPHY, as District Attorney of Richmond County, Appellant.

Second Department, July 23, 1984

**APPEARANCES OF COUNSEL**

*William L. Murphy, District Attorney (Karen F. McGee* of counsel), appellant *pro se.*

*Peters, Berger & Koshel, P. C. (Firestone & Harris* of counsel), for respondent.

*Frederick A. O. Schwarz, Jr., Corporation Counsel (Robert Bergen* and *Sherrie Elaine Brown* of counsel), for municipal respondents.

**OPINION OF THE COURT**

MOLLEN, P. J.

The sole issue presented on this appeal is whether the plaintiff's application to Special Term, joined in by the municipal defendants, was sufficient to authorize disclosure of Grand Jury testimony intended for use in connec-

tion with a civil action pending in the United States District Court. We begin with a review of the facts.

On or about June 11, 1982, Anthony Ruggiero was fatally wounded by New York City Police Officers/Detectives Robert Fahey and Gary Rosen. Beginning on July 22, 1982, an investigation into Anthony Ruggiero's death was conducted by the Richmond County Grand Jury. Summoned to testify were Deborah Boyd, who was present when Ruggiero was fatally wounded, and New York City Police Department witnesses, including Fahey and Rosen. The Grand Jury investigation ended without filing criminal charges.

On September 16, 1982, Donato Ruggiero, the plaintiff herein, instituted a civil action in the United States District Court, Eastern District of New York, seeking equitable relief and the recovery of damages amounting to $30 million, stemming from the death of the plaintiff's son, Anthony Ruggiero. Named as defendants were Police Officers/Detectives Robert Fahey and Gary Rosen, the Mayor and Police Commissioner of the City of New York, and the City of New York.

By application dated November 21, 1983, the plaintiff moved in the Supreme Court, Richmond County, for an order "authorizing the release of the stenographic minutes of the testimony of Deborah Boyd and of the New York City Police Department witnesses who came before the July 22, 1982 and subsequent Grand Juries of the Richmond County Supreme Court".

In support of the application, the plaintiff's counsel submitted an affirmation, in which he affirmed, *inter alia,* that disclosure of the Grand Jury testimony was being sought in connection with the afore-mentioned Federal action, and that "the Grand Jury witnesses, namely the police officers here are the parties in the civil action * * * Officers Fahey and Rosen and other officers will be testifying in the civil suit and their Grand Jury minutes are prior statements which can be used for impeachment purposes and cross-examination." Counsel also contended that "the Grand Jury testimony of the police officers * * * should be released to all parties in order to adequately prepare for trial".

The Corporation Counsel, representing the named municipal defendants, joined in the application. In support thereof, an Assistant Corporation Counsel stated that "[t]he prior testimony of the only witnesses to the death of plaintiff's decedent given at the Grand Jury, is of obvious importance to the preparation of a sound defense."

The District Attorney, Richmond County, opposed the application. It was argued that "the release of grand jury minutes to a private litigant, such as Mr. Ruggiero, for his use in preparing a civil law suit and for general discovery purposes has been condemned by the courts of this State, for the general public interest in ensuring the integrity of the Grand Jury process is deemed to far outweigh the private interest in disclosure."

By order dated December 16, 1983, Special Term granted the application and authorized the release of "stenographic minutes of the testimony of Deborah Boyd and of the New York City Police Department witnesses who came before the Richmond County Grand Jury on July 22, 1982, and subsequent dates in the above captioned action": The District Attorney has appealed. We reverse.

The law has long recognized that the proper functioning of our Grand Jury system is dependent upon the secrecy of Grand Jury proceedings (see *Douglas Oil Co. v Petrol Stops Northwest,* 441 US 211, 218, 218-219, n 9; *Matter of District Attorney of Suffolk County,* 58 NY2d 436, 443). Indeed, virtually every American jurisdiction, both Federal (see Fed Rules Crim Pro, rule 6, subd [e], pars [2], [3] [US Code, tit 18]), and State (see 38 Am Jur 2d, Grand Jury, § 39 *et seq.*), have rules governing Grand Jury secrecy.

Maintaining the secrecy or confidentiality of Grand Jury minutes is a matter of paramount public interest and serves several distinct concerns of the State and private citizens. Among the most frequently cited are: to insure Grand Jury independence; to prevent flight by the accused; to insulate persons investigated by or appearing before a Grand Jury from being held up to public ridicule; to encourage those persons summoned by a Grand Jury to testify freely; and to prevent subornation of perjury or tampering with the witnesses who may testify before the Grand Jury and later appear at the trial of those indicted

by it (see *People v Di Napoli,* 27 NY2d 229, 235; *United States v Proctor & Gamble,* 356 US 677, 681-682, n 6; *United States v Rose,* 215 F2d 617, 628-629).

In New York, the general rule of Grand Jury secrecy is set forth in CPL 190.25 (subd 4): "Grand jury proceedings are secret, and no grand juror, or other person specified in subdivision three of this section or section 215.70 of the penal law, may, except in the lawful discharge of his duties or upon written order of the court, disclose the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding. For the purpose of assisting the grand jury in conducting its investigation, evidence obtained by a grand jury may be independently examined by the district attorney, members of his staff, police officers specifically assigned to the investigation, and such other persons as the court may specifically authorize. Such evidence may not be disclosed to other persons without a court order. *Nothing contained herein shall prohibit a witness from disclosing his own testimony"* (emphasis added). Section 215.70 of the Penal Law makes unlawful disclosure a class E felony.

The rule of secrecy, however, is not absolute. Disclosure may be authorized, in the discretion of the trial court, when, "[a]fter a balancing of a public interest in disclosure against the one favoring secrecy, the former outweighs the latter * * * But since disclosure is 'the exception rather than the rule', one seeking disclosure first must demonstrate a compelling and particularized need for access * * * However, just any demonstration will not suffice. For it and the countervailing policy ground it reflects must be strong enough to overcome the presumption of confidentiality. *In short, without the initial showing of a compelling and particularized need, the question of discretion need not be reached, for then there simply would be no policies to balance."* (*Matter of District Attorney of Suffolk County,* 58 NY2d 436, 444, *supra;* emphasis added.)

In *Matter of District Attorney of Suffolk County (supra),* the appellant Suffolk County District Attorney submitted an application for court authorized disclosure of Grand Jury testimony, which was intended for use in connection with the District Attorney's civil "RICO" action (Racketeer

Influenced and Corrupt Organizations Act, US Code, tit 18, § 1961 *et seq.*) filed in the United States District Court, Eastern District of New York. According to the District Attorney, the " 'transcripts are required and necessary in the interests of justice' to take 'the profit out of kickbacks and payoffs and bribery' " (58 NY2d, at p 441). The court noted that (*supra,* p 441): "[n]o attempt was made to describe, much less to detail, any of the conduct so labeled or to isolate the pertinent portions of the transcripts 're-quired'. This nonspecificity was matched by the order which * * * broadly and unqualifiedly provided that 'the District Attorney of Suffolk County, his appointed staff, special counsel, experts and consultants be authorized and permitted to utilize the Grand Jury transcripts * * * in the * * * civil proceeding' ".

Applying the "compelling and particularized need stan-dard" (*Matter of District Attorney of Suffolk County, supra,* p 445) to the application for disclosure, the court found the District Attorney's presentation to be "wanting" (p 445), notwithstanding the existence of a public interest in disclo-sure (*supra,* pp 445-446):

"Specifically, for instance, nothing was offered to explain why the liberal discovery devices available under the Fed-eral Rules of Civil Procedure would not suffice * * * Since information so gathered might obviate the need to compro-mise Grand Jury confidentiality, this was not an insignifi-cant deficiency.

"And concomitantly, there was a shortfall too in identi-fying what made it impossible for the District Attorney to establish his case without resort to the minutes. Without being provided with such particularization, nisi prius, of course, was hardly in a position to appraise the application intelligently and an appellate court was left with nothing more than the occasion to say so. Perhaps worst of all, the conclusory generalizations to which the application was confined left the court without any rationale by which it could minimize any invasion of secrecy by narrowing it to the essential * * * Instead, the court was confronted with a choice between an uninformed wholesale grant or none at all."

In the instant matter, the plaintiff's presentation to Special Term, joined in by the municipal defendants, suffers from the same deficiencies. Initially, the plaintiff merely stated in conclusory fashion that the testimony would be necessary to cross-examine witnesses, or to refresh their recollection, in the Federal action. The plaintiff also stated that the testimony of the police officers "should be released to all parties in order to adequately prepare for trial". The municipal defendants, in turn, were content to rely upon the conclusory statement that "[t]he prior testimony of the only witnesses to the death of plaintiff's decedent given at the Grand Jury, is of obvious importance to the preparation of a sound defense." Neither the plaintiff nor the municipal defendants claimed that "the liberal discovery devices available under the Federal Rules of Civil Procedure would not suffice" nor did they attempt to explain why those devices would be unavailing (*Matter of District Attorney of Suffolk County*, 58 NY2d 436, 445, 446, *supra*).

For the first time, on appeal, the municipal defendants have attempted to cure this deficiency, at least with regard to Deborah Boyd's testimony. They argue that, because she testified before the Grand Jury approximately one and one-half months after the incident, "her testimony as to her recollection at that time cannot be duplicated by any form of discovery".

Finally, the plaintiff has argued both on his presentation to Special Term, and on this appeal, that the objectives to be achieved by Grand Jury secrecy will not be compromised by disclosure in the case at bar because "the criminal investigation is completed and, even more compelling * * * there were no criminal charges or indictments as a result of the investigation".

We, of course, recognize that Grand Jury testimony may properly be used to impeach witnesses and to refresh their recollections, if necessary (see *People v Di Napoli*, 27 NY2d 229, 237, *supra; Jones v State of New York,* 79 AD2d 273). However, the strong presumption of confidentiality of Grand Jury proceedings is not overcome by conclusory statements that the Grand Jury testimony is needed for the above purposes or to adequately prepare for trial,

especially since the rule of secrecy does not extend to the witnesses themselves. The municipal defendants' belated assertions concerning the need for Ms. Boyd's testimony, assuming those assertions are properly before this court (see *People v Papa*, 47 AD2d 902, 903; cf. *Matter of Block v Franklin Sq. Union Free School Dist.*, 72 AD2d 602), are unpersuasive for the reason that such claims can be made in any case involving a civil action and prior Grand Jury testimony.

With respect to the New York City Police Department witnesses, neither the record nor the parties to this appeal have disclosed the identities of the witnesses and why each witness' testimony should be made available to the litigants in the Federal action. Presumably, two of the police witnesses were named as defendants in that action; however, the record sheds no light on whether other police officers testified before the Richmond County Grand Jury investigating the death of Anthony Ruggiero, and who those witnesses were. Apparently, little thought was given to "minimiz[ing] any invasion of secrecy by narrowing [the application of disclosure] to the essential" (*Matter of District Attorney of Suffolk County, supra,* p 446).

Finally, the plaintiff's argument that disclosure in the case at bar will not compromise the objectives of Grand Jury secrecy misses the point. As noted by the Supreme Court in *Douglas Oil Co. v Petrol Stops Northwest* (441 US 211, 222, *supra*), "in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries" (accord *Illinois v Abbott & Assoc.*, 460 US 557, 566, n 11). That continued witness cooperation — the lifeblood of an effective Grand Jury system — depends at least to some extent upon the witness' trust that his or her testimony will remain confidential cannot be gainsaid. In our view, sanctioning disclosure under the circumstances presented herein would only undermine that trust.

In sum, the presumption of confidentiality of Grand Jury proceedings is not of such gossamer strength as to be overcome by the unremarkable statements of need pre-

sented in the case at bar. The parties have simply failed to satisfy the threshold requirement of showing a compelling and particularized need for the Grand Jury testimony requested. Accordingly, Special Term's order authorizing "the release of stenographic minutes of the testimony of Deborah Boyd and of the New York City Police Department witnesses who came before the Richmond County Grand Jury on July 22, 1982, and subsequent dates" should be reversed and the application denied.

TITONE, LAZER and THOMPSON, JJ., concur.

Order of the Supreme Court, Richmond County, dated December 16, 1983, reversed, on the law, without costs or disbursements, and application denied.