OPINION OF THE COURT
Denis R. Hurley, J.
This is a motion by defendants Prudential for an order pursuant to CPL 190.25 (4) disclosing the Grand Jury testimony of plaintiff Angel A. Rosado.
Rosado has commenced another action against defendant, Moses Orama, alleging serious personal injuries as the result of Orama’s negligence on April 12,1980.
Defendants Prudential are the insurers of Orama but have disclaimed liability. Rosado has brought the present action for a declaration as to the legal relations of the parties, more specifically, that the disclaimer and denial are improper, and that said defendants have the obligation to defend Orama and to pay any judgment rendered against him.
Criminal proceedings were instituted against Orama on the charge of having shot Rosado (this is the basis for Rosado’s present suit) and Rosado testified before a Grand Jury in November 1980. A true bill of indictment was handed down charging Orama with assault in the first degree, a class C felony, and criminal possession of a dangerous weapon in the second degree, a class B felony. In May 1981, Orama entered a plea of guilty to assault in the second degree in satisfaction of the indictment.
*939 Despite the intentional aspect of Drama’s actions, plaintiffs civil action is premised on negligence. Defendants, whose policies exclude recovery for intentional acts on any insured’s part, now state: "This drastic change in rosado’s theory of liability has precipitated the instant application because if rosado’s unrefuted testimony in this declaratory judgment action is all that is before the Court, rosado is likely to succeed in proving that orama was negligent in causing his injuries.”
The "unrefuted testimony” mentioned above is Rosado’s complaint, verified bill of particulars and examination before trial. In the latter, he never testified that Orama acted maliciously or with intent to harm him.
It is thus movant’s position herein that Rosado’s Grand Jury testimony brought on the indictment of Orama for two intentional crimes. As more succinctly expressed by defendants’ attorney: "If plaintiff is to be believed that Mr. Orama was merely negligent, then a fortiori, plaintiffs testimony before the Grand Jury must sound in negligence which, based upon the true bill of indictment handed down against orama, certainly was not the case.”
Defendants urge that the Grand Jury testimony is necessary for their use in the declaratory judgment action to impeach Rosado’s testimony; to refresh his recollection as to the testimony; and to lead him as a hostile witness.
Plaintiff points to CPL 190.25 (4) to the effect that Grand Jury proceedings are secret, and the nature or substance of any Grand Jury testimony may be disclosed only upon written order of the court, and that, only under certain conditions.
Plaintiff Rosado, in opposing this application, cites Ruggiero v Fahey (103 AD2d 65, 68 [2d Dept 1984]), wherein the court held that Grand Jury minutes can only be released upon a showing of a " 'compelling and particularized need’ ”. Also cited is Matter of District Attorney of Suffolk County (58 NY2d 436 [1983]) to the effect that maintaining secrecy or confidentiality of the minutes is a matter of paramount public interest and must be balanced by the showing of need.
The District Attorney, also in opposition, cites numerous authorities, the gist of which is, again, that a private litigant can obtain disclosure of the minutes but only on the basis of a particularized or compelling need.
The opposition herein contends that the present application suffers from the same deficiency as the application in the *940 Ruggiero case (supra), to wit, movant has simply presented the court with the "unremarkable” assertions of need for use to impeach and refresh recollection which the court, in Ruggiero, found unpersuasive; and that there has been no showing of compelling or particularized need.
In Ruggiero (103 AD2d 65, supra), the father of Anthony Ruggiero who had been fatally wounded by two police officers, began a civil suit for equitable relief and money damages. There had been a Grand Jury investigation but no criminal charges resulted therefrom: plaintiff moved for an order authorizing the inspection of the minutes of the Grand Jury.
In Ruggiero, we find the following statement by the court: "We, of course, recognize that Grand Jury testimony may properly be used to impeach witnesses and to refresh their recollections, if necessary (see People v Di Napoli, 27 NY2d 229, 237, supra; Jones v State of New York, 79 AD2d 273). However, the strong presumption of confidentiality of Grand Jury proceedings is not overcome by conclusory statements that the Grand Jury testimony is needed for the above purposes or to adequately prepare for trial” (103 AD2d, at p 70).
And in Matter of District Attorney this appears: "Perhaps worst of all, the conclusory generalizations to which the application was confined left the court without any rationale by which it could minimize any invasion of secrecy by narrowing it to the essential (cf. Matter of Scotti, 53 AD2d 282, 289). Instead, the court was confronted with a choice between an uninformed wholesale grant or none at all.” (58 NY2d 436, 446, supra.)
In contrast to these cases, the instant application is based on particularized need for the desired information with the possibility of injustice to defendants if disclosure is not had. The conclusory and generalized statements objected to in the appellate decisions are not present in this case. Parenthetically the court is aware that the crimes of assault in the first and second degrees may involve reckless (as defined in Penal Law § 15.05 [3]), rather than intentional conduct. (See, Penal Law § 120.10 [3]; § 120.05 [4].) However, even if it is assumed, arguendo, that a reckless assault, as distinct from its intentional counterpart, would be covered by Orama’s liability policy, the relief requested by the movant should nonetheless be granted. The Grand Jury testimony sought to be released is the plaintiff’s not that of a third party. Absent such discovery, the insurance carrier for Orama will be unable to determine *941 whether Rosado’s testimony before the Grand Jury as to the details of how he was shot differs substantively from the posture he now takes in his pending negligence action. Given the particular circumstances of this case, the movant has demonstrated a compelling need for disclosure of plaintiff’s Grand Jury testimony.
The motion is granted.