THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LARKIN, Also Known as DAVID LARKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered October 12, 1983, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Viewing the evidence in the light most favorable to the People, as we must, we find that it is legally sufficient to support the defendant's conviction of the crimes charged (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contentions, the trial court's

denial of his motion for a severance was not error. Such a motion is addressed to the sound discretion of the trial court and its decision will not be overturned absent a showing of an abuse of discretion (see, CPL 200.40 [1]; see, People v Owens, 22 NY2d 93). No such abuse has been shown here. Inasmuch as the codefendant testified at trial, the admission of his custodial statement at the joint trial with the defendant, which would ordinarily be inadmissible hearsay against the defendant, did not deny the defendant his Sixth Amendment right to confrontation (cf., Bruton v United States, 391 US 123; cf., People v Anthony, 24 NY2d 696). Furthermore, the defendant was not denied his right to a fair trial by the denial of the motion since there was not a substantial difference in the quantity and quality of evidence which the People had with respect to the defendant and the codefendant (see, People v Snyder, 246 NY 491, 497; People v Bornholdt, 33 NY2d 75, cert denied sub nom. Victory v New York, 416 US 905; People v Kampshoff, 53 AD2d 325, cert denied 433 US 911). Moreover, the evidence adduced at trial did not establish that the defendant's position was completely antagonistic to that of his codefendant such that the joinder of their trials, which arose out of the same circumstances and crimes, denied him a fair trial (see, People v Papa, 47 AD2d 902; cf., People v La Belle, 18 NY2d 405).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.