■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL BONAPARTE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered June 12, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in refusing to instruct the jury on petit larceny and fraudulent accosting as lesser-included offenses of robbery in the second degree. This court has already held on a codefendant's appeal, and we see no reason to change that holding, that there was no reasonable view of the evidence which would have warranted the submission of petit larceny as a lesser-included offense (see, People v Baysden, 128 AD2d 795). Nor should the court have charged fraudulent accosting (Penal Law § 165.30) as it does not qualify as "an offense of lesser grade or degree [than robbery in the second degree]" (People v Glover, 57 NY2d 61, 63). Clearly, fraudulent accosting, which is defined as accosting "a person in a public place with intent to defraud him of money or other property by means of a trick, swindle or confidence game" (Penal Law § 165.30 [1]), is not a lesser-included offense of robbery in the second degree, which is committed when a person

"forcibly steals property and when:

"(1) [h]e is aided by another person actually present" (Penal Law § 160.10 [1]).

There is no merit to the defendant's contention that his case should have been severed from the case of his codefendants. It is not disputed that the defendant and his codefendants were properly charged with robbery in the second degree in a single indictment (see, CPL 200.40 [1] [a]). The trial court may, in its discretion, upon application by a defendant or the People, order a severance "for good cause shown" (CPL 200.40 [1] [d] [iii]). On appeal, the determination of such a motion will not be lightly overturned (see, People v Larkin, 135 AD2d 834, 835). In the case at bar, where the complainant maintained that the defendant and the codefendants forcibly stole $300 from him, the defendant and the codefendants contended that the incident at bar was not, in fact, a robbery, but a drug deal gone awry. Because the defenses of the defendant and the codefendants, far from being mutually exclusive, were essentially identical, and because there was little substantive difference in the quantity and quality of the People's evidence with respect to the defendant and his codefendants, the defendant

was not deprived of a fair trial by the court's denial of his motion to sever *(cf., People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905; *People v Papa,* 47 AD2d 902).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review, without merit, or previously determined on his codefendants' appeals *(see, People v Neals,* 131 AD2d 602; *People v Baysden,* 128 AD2d 795, *supra).* Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.