◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN LEE, Appellant. [856 NYS2d 421]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered February 2, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). County Court properly denied defendant's requests to charge petit larceny (§ 155.25) and fraudulent accosting (§ 165.30 [1]) as lesser included offenses of robbery in the first degree. There is no reasonable view of the evidence, "viewed most favorably to defendant," that he was guilty of petit larceny and not robbery (*People v Castro*, 46 AD3d 477, 478 [2007], *lv denied* 10 NY3d 762 [2008]; *People v Cuevas*, 277 AD2d 56 [2000], *lv denied* 96 NY2d 799 [2001]), and fraudulent accosting is not a lesser included offense of robbery in the first degree (*see generally People v Bonaparte*, 170 AD2d 688 [1991]). We reject the further contention of defendant that he may have been convicted of an unindicted crime of robbery. Defendant's theft of money from the victim, both in the vehicle and the convenience store, "was part and parcel of the continuous conduct that constituted one act of robbery" (*People v Afrika*, 13 AD3d 1218, 1221, *lv denied* 4 NY3d 827 [internal quotation marks omitted]). Also contrary to the contention of defendant, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The record is insufficient to enable us to review defendant's contention that the court erred in declining to conduct a competency hearing (*see generally People v Taylor*, 231 AD2d 945, 946 [1996], *lv denied* 89 NY2d 930 [1996]). Defendant failed to preserve for our review his contention that the court violated CPL 310.30 in responding to the request by the jury for further instruction during its deliberations (*see People v Peller*, 8 AD3d 1123 [2004], *lv denied* 3 NY3d 679 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence with respect to the robbery conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. We have reviewed the contentions of defendant in his pro se supplemental brief and conclude that none requires reversal or modification of the judgment. Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.