OPINION OF THE COURT
Robert J. Collini, J.
By motion pursuant to Criminal Procedure Law § 190.25 (4), dated March 13, 2012, defendant[1] moves for an order unsealing/ releasing a “complete set” of grand jury minutes (defendant’s affirmation, section 3).
Defendant was acquitted of all charges under the above-captioned indictment after a bench trial before this court. Thereafter, he filed a civil rights action in the United States District Court, Eastern District of New York, under 42 USC § 1983 (Bonelli v City of New York, docket No. 11 CV 0395). In his civil suit, defendant alleges, inter alia, malicious prosecution “as a direct result of the false and misleading testimony provided by the [civil] defendants before the Grand Jury” (defendant’s affirmation in support of motion, section 6 et seq.).
On April 4, 2012, counsel for the People and defendant appeared. The People[2] consented to the release/unsealing of the grand jury minutes. Both the People and defendant represented before the court that none of the named parties opposed defendant’s motion; however, no other party appeared nor filed an affirmation in this regard.
The court noted that due to the decision in Rehberg v Paulk (566 US —, 132 S Ct 1497 [Apr. 2, 2012]), it appeared that defendant was not entitled to the relief he had sought. The court, however, permitted both sides time to review the United States Supreme Court’s decision in Rehberg. The matter was adjourned to April 18, 2012 for further argument.
On April 18, 2012, defendant’s counsel appeared and essentially reiterated the arguments set forth in his memorandum of law dated April 17, 2012. The court then orally denied the instant motion and it indicated that a written decision would follow.
*627 On May 4, 2012, defendant’s motion for similar relief before a Magistrate of the United States District Court was denied[3] based on the Rehberg decision. (Bonelli v City of New York, 2012 US Dist LEXIS 63337 [ED NY 2012].)
Under both common law (Matter of Larry W., 55 NY2d 244, 251 [1982]) and CPL 190.25 (4), grand jury proceedings are secret; however, the minutes of the grand jury proceeding may be unsealed and released upon an order of the court in charge of the grand jury. (CPL 190.25 [4]; People v Astacio, 173 AD2d 834, 835 [2d Dept 1991].)
Grand jury secrecy is “of paramount public interest” and courts may not disclose these materials lightly. (Ruggiero v Fahey, 103 AD2d 65, 67 [2d Dept 1984] [a case in which the District Attorney of Richmond County opposed the release of grand jury minutes].)
A movant seeking disclosure must demonstrate a “compelling and particularized need” for the evidence sought (Matter of District Attorney of Suffolk County, 58 NY2d 436, 444 [1983]). This burden will not be met with “conclusory generalizations” that the grand jury minutes[4] would aid in trial preparation or could be used for impeachment purposes. (58 NY2d at 446.) The movant must demonstrate that similar information could not be attained by other means. (Id.; Ruggiero v Fahey, 103 AD2d at 70; see also CPLR art 31.)
Next, a movant’s purported need for disclosure is weighed against the strong public interest in grand jury secrecy. (People v Di Napoli, 27 NY2d 229, 234 [1970].)
The Court of Appeals has set forth five criteria to be considered when evaluating the effect of disclosure: (1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective *628 witnesses that their testimony will be kept secret so that they will be willing to testify freely. (27 NY2d at 235.)
The fifth criterion is particularly relevant in deciding this motion. A court must consider whether unsealing will affect future grand juries, such as by causing witnesses to doubt that their testimony will remain confidential. (Douglas Oil Co. of Cal. v Petrol Stops Northwest, 441 US 211, 222 [1979]; Ruggiero v Fahey, 103 AD2d 65, 71 [1984]; see also People v Di Napoli, 27 NY2d at 236.)
What is most determinative to this court’s decision, however, is the unambiguous holding of the United States Supreme Court in Rehberg (566 US at —, 132 S Ct at 1506):
“[W]e conclude that grand jury witnesses should enjoy the same immunity as witnesses at trial. This means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness’ testimony. In addition, as the Court of Appeals held, this rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness’ testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution.”
The Supreme Court proceeded to acknowledge the “paramount public interest” (Ruggiero v Fahey, supra) of grand jury secrecy (566 US at —, 132 S Ct at 1509):
“ ‘We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.’ United States v. Sells Engineering, Inc., 463 U.S. 418, 424, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) (quoting Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218-219, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979)). ‘[I]f preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution.’ 463 U.S., at 424, 103 S.Ct. 3133.
“Allowing § 1983 actions against grand jury witnesses would compromise this vital secrecy.”
*629 Defendant’s arguments that Rehberg applies only to a “narrow set of facts” (point II of defendant’s mem) is wholly belied by the breadth and clarity of that Supreme Court decision.
This court would be loathe to subvert the historical secrecy of grand jury proceedings by authorizing the release of the minutes in view of the unambiguous holding in Rehberg that “grand jury witnesses should enjoy the same immunity as witnesses at trial.” (566 US at —, 132 S Ct at 1506.)
Notwithstanding the above, defendant has failed to demonstrate a “compelling and particularized need” for the evidence sought. Neither' has he demonstrated a need for disclosure as weighed against the strong public interest in grand jury secrecy.
In fact, in point II of his memorandum, defendant admits, “The malicious prosecution of [defendant] proceeded for a significant period of time before any Grand Jury Indictment was procured and most of Mr. Bonelli’s damages accrued before the Grand Jury was even convened.”
Thus, defendant’s own arguments can be perceived as demonstrating that the grand jury minutes are unnecessary to prove his claims.
Finally, the fact that the parties, including the People, consent to the disclosure of the grand jury minutes does not “relieve this Court of the performance of [its] judicial function.” (People v Lewis, 26 NY2d 547, 550 [1970], quoting Young v United States, 315 US 257, 258 [1942].)
Accordingly, defendant Bonelli’s motion to unseal and release the grand jury minutes is denied.

. “Defendant” herein refers to Anthony Bonelli and his criminal case (People v Anthony Bonelli, Sup Ct, Richmond County, indictment No. 66/ 2009), under which he filed the instant motion. Unless otherwise specified, it does not refer to any defendant in the civil proceeding.

. The District Attorney of Richmond County.

. The Magistrate rendered a parallel determination that disclosure is impermissible under Rehberg and that there exists “no permissible use for the grand jury minutes in this litigation, let alone a compelling need for them.” (Bonelli v City of New York, 2012 US Dist LEXIS 63337, *7 [2012].)

. Defendant would have been provided with copies of the grand jury minutes pertaining to the grand jury testimony of any witness called by the People during the criminal trial. (CPL 240.45 [1] [a].)