People v Jones (2018 NY Slip Op 08356)





People v Jones


2018 NY Slip Op 08356


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


2200/14 7817 7816

[*1]The People of the State of New York, Respondent,
v
Arthur Jones also known as Malik Mustafa, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eric Del Pozo of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered December 17, 2014, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously reversed, on the law, and the matter remanded for a new trial. Appeal from order, same court and Justice, entered on or about March 3, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously dismissed, as academic.
Defendant was deprived of effective assistance of counsel by trial counsel's failure to request a jury charge on the lesser
included offense of petit larceny (see generally People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). Under both the state and federal standards, a single, prejudicial error may constitute ineffective assistance, regardless of whether counsel's overall performance "bespoke of general competency" (Rosario v Ercole , 601 F3d 118, 124 (2d Cir 2010], cert denied 563 US 1016 [2011]).
At trial, it was undisputed that defendant wrongfully took money from the victims, and defense counsel's strategy was to avoid a felony conviction by challenging the prosecution's proof on the element of force (see Penal Law § 160.05). The defense theory was that, rather than using force, defendant tricked the victims out of 20 dollars by pretending they had accidentally broken his liquor bottle. In furtherance of this strategy, defense counsel sought a misdemeanor charge that encompassed a wrongful but nonforcible taking. However, instead of seeking the misdemeanor charge of petit larceny (Penal Law § 155.25), defense counsel requested the misdemeanor charge of fraudulent accosting (Penal Law § 165.30[1]), to which defendant was not entitled because it is not a lesser included offense of robbery in the third degree (see People v Bonaparte , 170 AD2d 688 [2d Dept 1991]).
Contrary to the prosecution's claim, petit larceny, which is defined as "steal[ing] property," qualifies in the abstract as a lesser included offense of robbery in the third degree, which is defined as "forcibly steal[ing] property" (see Penal Law §§ 155.25, 160.05; People v Tate , 170 AD2d 291, 292 [1st Dept 1991]). There is no separate crime of petit larceny "by false pretenses," and the fact that a nonforcible taking is committed by fraud does not disqualify it as a lesser included offense of robbery.
It is clear that defense counsel's failure to seek a petit larceny charge was not strategic. The defense strategy was to concede that a nonforcible theft occurred and seek a misdemeanor conviction. There is no merit to the People's suggestion that counsel may have had a strategic reason for requesting fraudulent accosting but not petit larceny.
We also find that counsel's failure to request a petit larceny charge was prejudicial. There was plainly a reasonable view of the evidence to support petit larceny. Furthermore, the [*2]evidence that the theft was forcible rather than a scam was not so overwhelming as to render a request for petit larceny futile. The victims were tourists who returned to their home country and did not testify, and the sole eyewitness's ability to establish the element of force was in question.
We find that the verdict was not against the weight of the evidence, and accordingly find no basis for dismissal. Since we are ordering a new trial, we find it unnecessary to reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK